IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS R. ELLINGTON,

           Plaintiff,               No. CIV S-04-0666 DFL KJM P

   vs.

E.S. ALAMEIDA, et al.,           <u>ORDER</u>

           Defendants.

_____/

      Plaintiff is a prisoner proceeding pro se with a civil rights action.  On June 17, 2005, the court issued findings and recommendations, recommending that plaintiff's request for a temporary restraining order and a preliminary injunction be denied for his failure to notify the defendants.

      On June 27, 2005, plaintiff filed objections, noting that he has now given notice to defendant Rohlfing and to David Runnels, the Warden of High Desert State Prison.  Moreover, on June 29, July 5, July 6, July 8, July 18, August 8, August 10, August 24, September 1, September 2, September 9, September 21, October 6, and October 11, 2005, plaintiff has filed additional documents objecting to the findings and supporting his request for the use of a wheelchair or walker for a limited time, to allow him access to the law library in order to make the necessary copies for service of the complaint.  Most recently, on October 17, 2005, he

1

1  submitted a declaration "in support of paragraph 50 of the amended complaint."

2      Although plaintiff has labeled his pleading as a motion for a temporary restraining

3  order and a preliminary injunction, it is more properly construed as a request for the court's

4  assistance in securing his right of access to the court in this case.  His request stems from the

5  impact of his alleged disability on his access to the law library, which access is required to enable

6  him to make the requisite copies for service of process.

7      If plaintiff's filing is construed as a request for a temporary restraining order and

8  preliminary injunction, plaintiff would have to show "as an irreducible minimum that there is a

9  fair chance of success on the merits."  Stanley v. University of Southern California, 13 F.3d

10 1313, 1319 (9th Cir. 1994).  In addition, when "a party seeks mandatory preliminary relief that

11 goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious

12 about issuing a preliminary injunction."  Id.  In this case, plaintiff takes issue with the status quo:

13 he currently does not have access to the wheelchair or walker he seeks to facilitate his law library

14 access.  Accordingly, this court will consider his motion as one seeking to enforce his right of

15 access to the court in this case.

16     An inmate has a constitutionally protected right of meaningful access to the

17 courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  This right encompasses more than

18 access to an adequate law library:  it includes access to "paper and pen to draft legal documents

19 with notarial services to authenticate them, and with stamps to mail them," id. at 824-25, and to

20 photocopying services necessary for preparing the required number of copies, what the Seventh

21 Circuit calls "scribe services."  Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir. 1995); Gluth v.

22 Kangas, 951 F.2d 1504, 1510 (9th Cir. 1991).  Accordingly, to the extent Ellington alleges he is

23 unable to reach the law library to make the necessary copies, allegations not disputed by the

24 prison officials to whom notice was given, he has adequately alleged he is being denied access to

25 the court in this case.

26 /////

2

When a court "seeks to correct a constitutional violation established in the course of litigation," the order must be narrowly drawn "to respect 'the interests of state . . . authorities in managing their own affairs.'" Gilmore v. People of the State of California, 220 F.3d 987, 1005 (9th Cir. 2000). Accordingly, the court will not direct prison officials to provide medical equipment, but rather will order them to ensure plaintiff is able to secure the necessary copies in a timely fashion, in whatever way they deem appropriate and consonant with the needs of the institution.

Finally, plaintiff is cautioned that his numerous filings have slowed resolution of the instant matter, for the court has been required to read and evaluate each of them to determine their impact, if any, on the pending motion. Moreover, to the extent plaintiff has been able to file these numerous pleadings with copies of various forms attached, he undermines his original showing. This court does not have a duty to "sort[] through irrelevant submissions," Holsey v. Collins, 90 F.R.D. 122, 123 n.2 (D. Md. 1981), and may well decline to do so in the future.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's May 27, 2005 request for a temporary restraining order, construed as a motion for access to the courts, is granted in part and David Runnels, Warden of High Desert State Prison, is ordered to ensure that plaintiff is able to secure four copies of his December 12, 2004 amended complaint to provide for service of process within thirty days of the date of this order, and to ensure that plaintiff is able to secure necessary copies of legal pleadings for filing and service during the course of this litigation.

/////
/////
/////
/////
/////
/////

1          2.  The Clerk's Office is directed to send a copy of this order to Warden David

2    Runnels at High Desert State Prison.

3    DATED:  October 20, 2005.

4

5

6                                          UNITED STATES MAGISTRATE JUDGE

7

8

9    2/elli0666.tro

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26