IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

    Plaintiff,                    No. CIV S-04-0666 DFL KJM P

    vs.

E.S. ALAMEIDA, et al.,           ORDER AND

    Defendants.           FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On November 19, 2004, the court found that plaintiff has three "strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and issued an order giving plaintiff the option of paying the entire filing fee for this action or submitting an amended complaint. The court ultimately found the amended complaint appropriate for service on only three of the defendants as to some of the actions alleged in the complaint, based on an exception to the filing fee requirement for a plaintiff who has struck out.

        On November 16, 2005 and February 23, 2006, plaintiff filed motions for preliminary injunctions. In addition, on at least December 27, 2004 and January 18, January 31, February 4, April 14, July 8, September 1, September 2, September 9, October 11, October 17, October 28, December 2, 2005, and January 13, 2006, plaintiff has filed declarations, notices,

and exhibits.

On April 3, 2006, plaintiff filed his third request for the appointment of counsel.

I. <u>Injunctions</u>

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id.</u> In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In both his motions, plaintiff complains that without an order restoring his wheelchair and/or walker, he is unable to travel freely in the institution and thus cannot reach the dining room or the law library. He also alleges he is being denied medication for his mental health problems and support stockings and shoes for his edema. Finally, he claims he is being housed with a Crip and fears he will be harmed.

Plaintiff has not made a sufficient showing of likelihood of success on the merits. He relies on medical findings from 2000 and 2001 to support his claimed medical needs. Moreover, plaintiff's claimed fear from his housing arrangement is not part of the lawsuit, so he cannot satisfy the likelihood of success on the merits prong as to this claim.

## II. Declarations And Notices

According to Rule 7(b) of the Federal Rules of Criminal Procedure, a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." The rule's "particularity requirement" is designed "to give notice of the basis for the motion to the court and the opposing party so as to avoid prejudice, 'providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly.'" Andreas v. Volkswagen of America, Inc, 336 F.3d 789, 793 (8th Cir. 2003). This court does not have a duty to "sort[] through irrelevant submissions." Holsey v. Collins, 90 F.R.D. 122, 123 n.2 (D. Md. 1981). Although the court is mindful of plaintiff's pro se status and of its obligation to construe pro se pleadings leniently, Haines v. Kerner, 404 U.S. 519, 520-21 (1978), a pro se plaintiff must nevertheless "adhere to the rudimentary dictates of civil procedure." Holsey, 90 F.R.D. at 125.

Some of the declarations plaintiff has filed appear to be attempts to amend his complaint. Although a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served," the documents plaintiff has filed are not complete complaints, but simply continuations of the allegations in the amended complaint. Fed. R. Civ. P. 15(a). Such filings are improper, for any amended complaint must be complete in and of itself. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-220.

Plaintiff's other declarations and notices do not satisfy the requirements of Fed. R. Civ. P. 7(b), but rather appear to be "irrelevant submissions." Such pleadings are not helpful to litigation of this matter and simply clog up the court's docket. Plaintiff is cautioned that should he continue to file unnecessary "declarations" or "notices," he may be subject to sanctions, including dismissal of the action.

/////
/////
/////

III. Renewed Motion For Appointment Of Counsel

Plaintiff's previous requests for counsel were filed on August 5, 2004 and December 2, 2004. These requests were denied, and plaintiff makes no new showing to support his new request.

Accordingly, IT IS HEREBY ORDERED that

1. Documents 16, 17, 18, 19, 20, 31, 37, 39, 40, 44, 45,54 and 59 will be disregarded. Plaintiff is cautioned to refrain from making excessive filings to avoid the court's imposing restrictions on his filings.

2. Plaintiff's April 3, 2006 motion for appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that plaintiff's November 16, 2005 and February 23, 2006 motions for preliminary injunctions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
elli0666.in+