IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS R. ELLINGTON,

    Plaintiff,                    No. CIV S-04-0666 DFL KJM P

    vs.

E. S. ALAMEIDA, et al.,            ORDER

    Defendants.

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff and defendants have filed a number of motions, which are pending before the court.

I. <u>Motion To Appoint Counsel</u> (Docket No. 83)

    During the course of this litigation, plaintiff has filed several motions for the appointment of counsel. For the reasons stated in the orders of December 9, 2004 and April 13, 2006, and because there has been no material change in the circumstances relevant to the motion, it is denied.

/////

/////

/////

II. <u>Cross-Motions To Dismiss For Discovery Violations</u> (Docket Nos. 93 & 101)

    A. <u>Defendants' Motion To Dismiss</u>

Defendants argue that the complaint should be dismissed as a sanction for plaintiff's refusal to be deposed. Fed. R. Civ. P. 37(b)(1). They argue that during the noticed deposition held on April 19, 2006, prison officials notified counsel that plaintiff might need to be examined because of concerns about his blood pressure. Counsel for defendants questioned plaintiff about his condition and then postponed the deposition. Def'ts' Mot. To Dismiss (DMTD), Ex. A, Declaration of William Cashdollar (Cashdollar Decl.), ¶ 5.

When counsel appeared on May 10 for the deposition, plaintiff said he needed to see medical staff because of an incident between himself and the custodial staff. Cashdollar Decl. ¶ 7; DMTD, Ex. B, Declaration of C. Hougland (Hougland Decl.). Counsel renoticed the deposition for May 30. Cashdollar Decl. ¶ 9.

On May 30, plaintiff told counsel he was not ready to be deposed because defendants had not responded to his discovery requests. Cashdollar Decl. ¶ 10. After a few more questions, counsel asked if plaintiff was refusing to be deposed; plaintiff said yes. Cashdollar Decl. ¶ 14.

In asking that the action be dismissed as a sanction for plaintiff's refusal to be deposed, defendants argue that their inability to depose plaintiff has compromised their preparation of the motion for summary judgment.

Plaintiff suggests that defense counsel had the correctional officers "soften him up" in preparation for the May 10 deposition and suggests that his refusing to be deposed on May 30 was justified by defendants' failure to respond to discovery requests.

While a court's inherent authority to dismiss a complaint for discovery violations has been largely subsumed by Federal Rule of Civil Procedure 37(b), a court retains the authority to dismiss a case in "extreme circumstances." <u>Fjelstad v. American Honda Motor Co.</u>, 762 F.2d 1334, 1338 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Riverside Memorial Mausoleum, Inc. v. Sonnenblick-</u>

1  Goldman Corporation, 80 F.R.D. 433, 435-36 (E.D. Pa. 1978) (dismissal justified by plaintiff's
2  pattern of ignoring court orders and missing deadlines); Lindstedt v. City of Granby, 238 F.3d
3  933 (8th Cir. 2000) (upholding dismissal order under Rule 37 for flagrant and intentional abuse
4  of the discovery process).  A dismissal under Rule 37(b) must be predicated on a failure to "obey
5  an order to provide or permit discovery."  Fjelstad, 762 F.2d at 1339-40; Schoffstall v.
6  Henderson, 223 F.3d 818, 824 (8th Cir. 2000).  A "blanket directive to comply with discovery
7  rules" is not such an order.  Fjelstad, 762 F.2d at 1340.

8       Plaintiff's attempt to explain why he could not answer questions without having
9  received discovery from the defendants is unpersuasive, but the court does not find that his
10 rationalization satisfies the requirement of the "extreme circumstances" justifying dismissal
11 under the court's inherent authority.

12      Nor can the court impose sanctions under Federal Rule of Civil Procedure 37(b).
13 Although the court did issue a discovery order, it was not a specific order that plaintiff provide or
14 permit discovery, but rather a "blanket directive" governing the discovery process in this case.
15 Accordingly, because plaintiff has not disobeyed a specific order compelling discovery, he is not
16 subject to sanctions or the imposition of fees under Rule 37(b) at this time.

17      The court will issue an order to compel plaintiff's further deposition despite the
18 close of discovery, should defendants still wish to depose plaintiff.  Plaintiff is cautioned that if
19 he fails to cooperate in good faith with the discovery process, the court may impose sanctions,
20 including but not limited to an award of attorney's fees and costs and dismissal of the action.

21      B.  Plaintiff's Cross-Motion To "Dismiss"

22      Plaintiff argues that defendants should be sanctioned for their failure to respond to
23 his discovery requests.   He attacks defense counsel personally, suggesting that correctional
24 officers beat plaintiff on May 10 and have harassed him since then at counsel's instigation.

25      To the extent plaintiff is seeking sanctions for defendants' failure to respond to his
26 discovery requests, the request is unavailing.  Defendants received an extension of time to

comply; plaintiff has not complained that there has been a further failure to respond.  Moreover, plaintiff's entire opposition/cross-motion is subject to being stricken for its attack on defense counsel.  Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 664-65 (7th Cir. 1992) (scandalous portion of pleading may be stricken); Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone); Fed. R. Civ. P. 12(f).  Plaintiff is hereby put on notice that should he again make similar allegations against defense counsel, the claims will be stricken.

III.  Motion To Supplement The Complaint  (Docket Nos. 89, 102 & 106)

    A.  Docket Numbers 89 and 102

On May 19, 2006 and on June 12, 2006, plaintiff filed identical documents, entitled "Supplemental Pleading in accordance with: Fed. R. Civ. P. Rule 15(d) and Showing Of Imminent Danger."  (Spelling as in original.)  He recounts the events of May 10 before the deposition scheduled that day and offers some of the same declarations about the designs of correctional officers on his life that accompanied his original complaint.

Under Federal Rule of Civil Procedure 15(d), a party may seek leave of court to file a supplemental complaint containing claims that accrued after the initial complaint was filed.  Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998).  Plaintiff's claims of the correctional officers' conspiracy to have cellmates harm him is not a new claim; indeed, his support for this cause of action includes declarations dating back to 2003.

To the extent plaintiff seeks to add a cause of action for excessive force and denial of medical care based on the events of May 10, 2006, Rule 15(d) would apply.  However, plaintiff has "struck out" within the meaning of the Prison Litigation Reform Act, a finding that limits his ability to file lawsuits.  See Compl. at 1; Order filed Nov. 19, 2004 (docket no. 9).

There is an exception to the three strikes provisions, however.  If a plaintiff's complaint shows he is "under imminent danger of serious physical injury," he may proceed

without prepayment of costs. 28 U.S.C. § 1915(g). "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001). "Imminent" means "about to occur at any moment or [] impending." Id. at 315; see also Oxford English Dictionary, available at http://dictionary.oed.com ("close at hand in its incidence; coming on shortly").

Plaintiff's allegations about the events of May 10, 2006, do not show that he is still in danger from Officer Hougland or from the denial of medical care for the particular injuries he alleges occurred that day. His requests to supplement the complaint to add these causes of action will be denied.

B. Docket Number 106

Plaintiff seeks "to supplement his complaint with Defendants plaintiff just Discovered May have violated his right's." (Punctuation as in original.) In the motion, he alleges that in reading defendants' motion for summary judgement, he learned that doctors Anderson, Watson and Star were involved in the decision to remove his wheelchair, even though they had not examined him. Defendants oppose the motion, characterizing it as one to amend the complaint. In reply, plaintiff contends he is simply exercising "his right to SUPPLEMENT his COMPLAINT."

As noted above, under Rule 15(d), a plaintiff may seek to supplement a complaint with events that have occurred since the original complaint was filed. Plaintiff's attempt to add defendants who may have been involved in the original decision to remove his wheelchair does not meet the standard for a supplemental complaint, for the actions the defendants allegedly took occurred before the original complaint was filed.

Once a responsive pleading has been filed, a plaintiff must obtain leave of the court before he may file an amended complaint. The request should be evaluated by considering

/////

/////

1  several factors:

2  > In assessing the propriety of a motion for leave to amend, we
3  > consider five factors: (1) bad faith; (2) undue delay; (3) prejudice
   > to the opposing party; (4) futility of amendment; and (5) whether
4  > the plaintiff has previously amended his complaint.

5  Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003) (internal citation omitted).  The court has

6  also observed that when the plaintiff knew or should have known of the facts underlying the

7  proposed amendment, but does not include them in the original complaint, it is appropriate to

8  deny the motion to amend.

9        In this case, plaintiff had access to his medical records and knew or should have

10 known of the other doctors' decisions regarding his wheelchair.  Moreover, to allow the

11 amendment when cross-motions for summary judgment are pending would delay the litigation

12 unduly.  The motion will be denied.

13 IV.  Defendants' Motion To Strike (Docket No. 120)

14       Defendants ask the court to strike plaintiff's "additional declaration" filed

15 September 5, 2006 (Docket No. 116), an "exhibit" filed September 7, 2006 (Docket No. 118) and

16 an "additional memorandum" filed September 18, 2006 (Docket No. 119).  In his opposition,

17 plaintiff merely reargues the merits of his underlying complaint and returns to his attacks on

18 defense counsel.

19       The Local Rules of this court recognize that motions, oppositions, and replies

20 shall be filed within the time periods set forth in the rules; the rules do not countenance a party's

21 continuous filings outside the schedule.  L.R. 78-230(m); see also Kane Gas Light And Heating

22 Company v. Penzoil Company, 587 F.Supp. 910 (W.D. Penn. 1984) (arguments and evidence not

23 included in the appropriate pleading constitutes "sandbagging" and is not permissible).  Plaintiff

24 /////

25 has continued to flout these rules, despite his obligation to follow the rules of procedure.  King v.

26 Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se plaintiff must follow rules of procedure).

Moreover, in its order of April 13, 2006, this court directed that several of plaintiff's pleadings, filed outside the bounds of appropriate motions practice, be disregarded and warned plaintiff that he would be subject to sanctions, including dismissal, should he continue to file irrelevant pleadings. This court will warn plaintiff this time as well, but will issue no more warnings. Should plaintiff file additional irrelevant documents or any pleadings outside the limits of motions practice, he will be subject to sanctions, including recommended dismissal of the action. Moreover, should plaintiff make an additional attack on defense counsel, he will be sanctioned, which may include dismissal of the action.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is denied (Docket No. 83).

2. Defendants' motion to dismiss and plaintiff's cross-motion to dismiss (Docket Nos. 93 & 101) are denied; however plaintiff is ordered to cooperate in his deposition, should defendants still wish to depose him.

3. Plaintiff's motions to supplement the complaint are denied (Docket Nos. 89, 102, & 106).

4. Defendants' motion to strike (Docket No. 120) is granted and docket numbers 116, 118, 119 are stricken and ordered to be disregarded.

5. Plaintiff is cautioned that should he make further attacks on defense counsel or file pleadings that do not comport with the Local Rules and the Federal Rules of Civil Procedure, he will be sanctioned.

DATED: November 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/elli0666.mots