IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS R. ELLINGTON,

    Plaintiff,                 No. CIV S-04-0666 DFL KJM P

    vs.

E.S. ALAMEIDA, et al.,

    Defendants.             <u>ORDER</u>

                                 /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has "struck out" within the meaning of the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) . Nevertheless, this court found portions of his amended complaint satisfied the "imminent danger" exception to the three strikes provisions of the PLRA, recognizing that those portions "state a cognizable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b)" and directed service on defendants Rohlfing, Salenger and Exum for alleged acts or omissions relating to plaintiff's medical care. 5/18/2005 Order.

        On January 24, 2007, this court issued findings and recommendations, recommending that defendant Salenger and Rohlfing's motion for summary judgment be granted and plaintiff's motion for summary judgment be denied. Defendant Exum's motion for summary judgment is pending.

1

On February 12, 2007 plaintiff filed a motion "to cure deficiency in pleading" and on April 16, 2007, he filed a motion "to strike defendant's improper filings." These matters are before the court.

I. Motion To Cure Deficiency

In granting Rohlfing's motion for summary judgment, the court determined, in part, that Rohlfing did not order plaintiff's wheelchair removed and that plaintiff's bare assertion that Rohlfing issued the order did not defeat summary judgment. 1/24/07 Findings and Recommendations at 10. In this motion to cure the "deficiency" in the complaint, plaintiff seeks to amend to allege that custodial personnel told plaintiff that Rohlfing ordered the wheelchair removed and/or that Rohlfing ordered other doctors to remove plaintiff's wheelchair. Mot. at 1. He also suggests that he would amend to allege that Rohlfing was the proximate cause of the order removing the wheelchair. Reply at 1.

In addition, plaintiff claims that despite his "three strikes" status, he has satisfied the filing fee and is thus free to add claims "against Rohlfing's supervisors" for hiring him. Mot. at 2.

Neither point is well taken.

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). In this case, several of the factors support the decision not to permit the amendment. First, plaintiff has delayed in seeking to amend; the action was filed in April 2004, yet plaintiff has not explained why he did not notice this "deficiency" in his pleadings until now. Second, it appears that the amendment is offered in bad faith. Plaintiff had the opportunity to submit a declaration in opposition to summary judgment containing these claims, but chose not to do so. Third, amending to include what correctional officers told plaintiff would not "cure the pleading deficiency," for it offers only a hearsay account of Rohlfing's order to

remove plaintiff's wheelchair.  Fourth, the proposed amendment, coming after the close of discovery and the resolution of the motion for summary judgment, would prejudice the defendant.  Kalsi v. New York City Transit Authority, 62 F.Supp.2d 745, 761 (E.D.N.Y. 1998).

Plaintiff cannot amend or supplement his complaint to add claims that are not based on imminent danger even though the filing fee may now be completely paid in installments.  To avoid the application of the "three strikes" provisions to his complaint, plaintiff was required to pay the full filing fee at the time the action was filed.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

II.  Motion To Strike

Plaintiff seeks to strike "all of the unapproved and unauthorized document submitted for filing on: March 6, 2007. That 1) EXCEED THOSE PERMITTED BY MOTION PRACTICE; and 2) prejudice plaintiff."  (Reproduced as in original.)

On March 6, 2007, defendant Exum filed a reply to plaintiff's opposition to Exum's motion for summary judgment and opposition to plaintiff's cross-motion for summary judgment, objections to plaintiff's statement of undisputed facts, a statement of undisputed facts, a declaration and exhibits in support of the opposition to plaintiff's cross-motion for summary judgment.  All of these are permitted by the local rules.  L.R. 56-260, 78-230.

Although it is not entirely clear, it appears that plaintiff also seeks to strike a portion of defendant Exum's supplement statement of undisputed facts, which asserts that plaintiff's suicide threats were not legitimate.  Docket No. 149-1, ¶ 64.  This allegation is neither scandalous nor impertinent, for it is relevant to the issues and does not "improperly" cast plaintiff in a derogatory light because it appears to be based on records provided with the motion for summary judgment.  Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone).

1  Accordingly, IT IS HEREBY ORDERED that:

2  1.  Plaintiff's February 12, 2007 motion to cure the deficiency in his pleadings
3  (Docket No. 141) is denied; and
4  2.  Plaintiff's April 16, 2007 motion to strike (Docket No. 156) is denied.
5  DATED: May 23, 2007.

_____
U.S. MAGISTRATE JUDGE

2

elli0666.mot