IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON,<br><br>                    Plaintiff,<br><br>          vs.<br><br>E. S. ALAMIEDA, *et al.*,<br><br>                    Defendants. | No. 2:04-cv-00666-JKS-KJM<br><br>ORDER |

       Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On August 15, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed objections to the Findings and Recommendations.

       Plaintiff has enumerated nine objections to the Findings and Recommendations.  For the most part, the objections address a perceived violation or violations of the Americans with Disabilities Act by prison officials and the Magistrate Judge in this lawsuit by their failure to make proper accommodations for his low learning level, specifically, his limited ability to read and comprehend.  Others, *e.g*., numbers (4) and (7), address the claims against defendants Salenger and Rohlfing, which are not before the Court at this time.[1]  There are two issues before the Court at this juncture.  First, the claim against defendant Exum—did the acts of Exum rise to the level of exhibiting deliberate indifference to a serious medical condition?  Second, should Plaintiff be permitted to proceed against defendants Alamieda, Runnels, Grannis, Dharlingue,

---

[1] The Court previously granted summary judgment in favor of defendants Salenger and Rohlfing on Plaintiff's claims against them.  Docket No. 152.

Felker, Barron, and Sweeten?  Plaintiff's objections do not address any of the findings on either issue.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis with respect to the complaint against defendants E. Exum, Alamieda, Runnels, Grannis, Dharlingue, and Felker.  The Court finds that the Findings and Recommendations with respect to the allegations against defendants Sweeten and Barron are not supported by the record and proper analysis.

A.      Exum.

Accepting as true Plaintiff's factual allegations and viewing the evidence in the light most favorable to Plaintiff, the Magistrate Judge correctly found that a reasonable trier of fact could not find that the actions of Exum constitute a deliberate indifference to a serious medical need.  For the most part, Plaintiff does nothing more than disagree with the course of treatment prescribed by Exum.  A claim that, as correctly noted by the Magistrate Judge, is not cognizable in a § 1983 civil rights action.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057–58 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Even accepting as true the unsupported conclusory allegations of Plaintiff that the course of treatment was inadequate or improper does not save the day for Plaintiff.  At most, Plaintiff establishes a case of medical malpractice, a claim that also is not cognizable in a § 1983 civil rights action.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

B.      Alamieda, Runnels, Grannis, Dharlingue, Felker, Barron, and Sweeten.

In ¶ 38. (Docket 14, p. 10), Plaintiff alleges:

a)  Correctional officers - Grannis, Runnels, the Director of Corrections, Sweeten, Barron, and Dharligue and Does 1-5, used legitimate security resources to solicit and employ inmates, Dinnis, Jones, Goodman and Thompson, to beat up plaintiff for them.  See Exhibit (I) CDC 602 Log No. H.D.S.P. B-04-1649 [*sic*, probably should be a reference to B-04-1659].

b)  Plaintiff is scared on a daily basis that any inmate assigned to cell with him will be the one to beat or kill him for defendants.

    c)  Since Plaintiff is unsure of all the staff at H.D.S.P. that are participating in getting inmates to harm him he believes his overall safety is in danger here at H.D.S.P. even among the staff.

Plaintiff further alleges in ¶ 50 (Docket 14, p. 16):

    50.  Defendants Runnels - the Director of Corrections, N. Grannis - Inmate Appeals Branch, Sweeten, Barron, Dharlingue, Felker, allowing custodial officers to use inmates to beat and harm other prisoners for the affected inmate's legal efforts against custodial staff is a felony, which violates Plaintiff's Constitutional Rights, U.S.C.A. 1, 5, 6, 8, 13, and 14; the above staff had CDC 602 Log no. H.D.S.P. B-04-1659 with declarations from inmates stating the above and Does 1-5 solicited inmates to beat plaintiff; and did nothing to investigate the allegations, discipline, or fire all guilty parties; and claiming Plaintiff a Crip gang member to get him harmed.

Plaintiff also attached as Exhibit I to the complaint a copy of H.D.S.P. B-04-1659 (Docket 14-2, pp. 42 – 57).  Included in that document are the declarations of three inmates.  In one, inmate Eugene Jones alleges that, at the time Jones was Plaintiff's cell-mate, Sweeten directed him (Jones) to "BEAT HIS ASS !  (Wellington)" (uppercase in original) in exchange for a cell move.  Jones also stated that when he asked Barron about his cell move, Barron replied "You know what you've got to do to get a cell move."  This Jones "perceived as an invite to fight Ellington."  This declaration also infers that the impetus for Sweeten's comment was Plaintiff's complaints concerning his inability to walk and need for a wheel chair.  Docket 14-2, p. 48.[2]   In the second, inmate T. Goodman alleges that Sweeten told him (Goodman) to do "us a favor and go in there and beat the shit out of Ellington."  Docket 14-2, p. 50.[3]  In the third one, inmate Isiah Williams alleges that while a cell-mate of Plaintiff, Barron stated "Oh, Lord, you mean you haven't beat [Plaintiff] up yet"?  Docket 14-2, p. 52.  Although in its present form the complaint is somewhat inartfully drafted, cumbersome, and difficult to follow, it appears that Plaintiff may plead sufficient facts upon which relief may be granted against defendants Sweeten and Barron.  *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1108 (9th Cir. 2003) (leave to amend should be granted if it appears at all possible that plaintiff can cure the defects).

---

[2] The Court notes that this declaration contains a typed signature.

[3] The Court notes that this declaration also contains a typed signature.

As to the other defendants, Alamieda, Runnels, Grannis, Dharlingue, and Felker, Plaintiff has pleaded no facts to support his conclusory allegations that they personally participated in the alleged employment of inmates to harm him and it does not appear that Plaintiff can plead any such facts.

Accordingly, IT IS HEREBY ORDERED THAT:

1.      The Findings and Recommendations filed August 15, 2007, are adopted in part and rejected in part;

2.      Defendant W. Exum's motion for summary judgment at Docket No. 134 is GRANTED;

3.      Plaintiff's cross-motion for summary judgment at Docket No. 142 is DENIED;

4.      The Complaint against W. Exum is DISMISSED, with prejudice; and

5.      Plaintiff's action may proceed against defendants Sweeten and Barron, provided that, within 30 days of the date of this order, Plaintiff files a second amended complaint addressing solely the allegations against Sweeten and Barron.

Dated:  February 22, 2008

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge