IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

     Plaintiff,      No. CIV S-04-666 JKS KJM P

  vs.

E.S. ALAMIEDA, et al.,

     Defendants.    FINDINGS & RECOMMENDATIONS

_____/

  Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In compliance with the district court's order of February 22, 2008, plaintiff has filed a second amended complaint containing his claims against defendants Sweeten and Barron. This complaint was supported by a memorandum of points and authorities, also filed on April 3, 2008. On April 21, 2008, plaintiff filed an "additional memorandum" and a document containing "additional facts." On April 28, 2008, plaintiff filed a declaration in support of his complaint.

  During the course of this litigation, plaintiff has been warned against excessive filings. Docket Nos. 78, 125. He has also been warned that any documents including "additional facts" were improper attempts to amend his complaints and would not be considered. See Docket No. 57, 78. He has been warned that should he persist in making excessive filings,

he would be subject to sanctions, including dismissal of the action. Docket Nos. 78, 125. Despite these warnings, plaintiff has persisted in filing his "complaint" piecemeal through his tactic of submitting "additional facts" and a declaration attesting to additional facts, arguably (though not clearly) offered in support of his second amended complaint. Moreover, although there is no requirement that a complaint be supported by a memorandum of points and authorities, plaintiff has filed two legal memoranda relating to his second amended complaint.

This court does not have a duty to "sort[] through irrelevant submissions." Holsey v. Collins, 90 F.R.D. 122, 123 n.2 (D. Md. 1981). Although the court is mindful of plaintiff's pro se status and of its obligation to construe pro se pleadings leniently, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), a pro se plaintiff must nevertheless "adhere to the rudimentary dictates of civil procedure." Holsey, 90 F.R.D. at 125. Moreover, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 3 (1992) (internal citation & quotation omitted). A court's inherent authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991).

Despite warnings, plaintiff has refused to limit his filings: in one order, for example, the court directed that thirteen of plaintiff's pleadings be stricken. Docket No. 78. His latest batch of filings shows that plaintiff will continue to ignore the court's attempts to manage the litigation in this case. Because plaintiff continues to ignore the court's orders, the court finds that dismissal of the second amended complaint is an appropriate sanction.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2008.

_____
U.S. MAGISTRATE JUDGE