IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

      Plaintiff,                              No. CIV S-04-666 JAM KJM P

    vs.

E.S. ALAMEIDA, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

         Plaintiff is a state prison inmate proceeding on a third amended complaint which alleges that defendants Sweeten and Barron solicited inmates to harm plaintiff while he was housed at High Desert State Prison. Defendants answered the third amended complaint on May 18, 2009. Plaintiff has filed a motion for a preliminary injunction and a motion for judgment on the pleadings.

I. Motion For Preliminary Injunction

         Plaintiff alleges that Dr. Patel, acting in essence as agents of the defendants, is planning to remove plaintiff's walker and wheelchair and revoke his status as a disabled inmate in retaliation for the claims against defendants.

/////

/////

Dr. Patel is not a defendant in this law suit. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Plaintiff appears to be attempting to circumvent this restriction by suggesting that defendants are acting vicariously through Dr. Patel. However, in Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994), the inmate plaintiff sought an injunction preventing the defendants from filing false disciplinary charges and taking other actions in retaliation for the underlying lawsuit based on a denial of medical care. The Court of Appeal observed:

> [A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision making power. . . . Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

Id. at 471 (citations omitted); see also Omega World Travel v. Trans World Airways, 111 F.3d 14, 16 (4th Cir. 1997); Lebron v. Armstrong, 289 F.Supp.2d 56, 61 (D. Conn. 2003).

II. Motion For Judgment On The Pleadings

Plaintiff alleges that he is entitled to judgment against Sweeten on the pleadings because Sweeten's answer is "a FEIGNED one. and as such, serves as failure to answer." Docket No. 205 at 2 (reproduced as in original). As proof of this, plaintiff offers his own complaint and his hearsay account of what other inmates told him about the incidents that form the basis of the third amended complaint.

Unlike a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, either party may make a motion for judgment on the pleadings under Rule 12(c). Qwest Communications v. City of Berkeley, 208 F.R.D. 288, 291 (N.D. Cal. 2002). Otherwise, the motions are "functionally identical." Dworkin v. Hustler Magazine, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, a court considering a motion under Rule 12(c) must deem the

allegations of the non-moving party to be true just as it would on a 12(b)6 motion. <u>Hal Roach Studios v. Richard Feiner and Company</u>, 896 F.2d 1542, 1550 (9th Cir. 1990).  Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  <u>Enron Oil Trading & Transportation Company v. Walbrook Insurance Company Limited</u>, 132 F.3d 526, 529  (9th Cir. 1997) (internal citation, quotation omitted).

        Defendant Sweeten has denied most of plaintiff's factual allegation, but as to plaintiff's description of the injuries he suffered when fighting with cellmate Dennis, defendant said he did not have sufficient information to admit or deny this claim.  Docket No. 201 ¶ 4.  This court must believe defendant Sweeten's denial that he solicited inmates to assault plaintiff and otherwise spread false information about plaintiff in an attempt to have plaintiff attacked. Plaintiff's attempts to rebut this by using facts outside these pleadings is unavailing and only demonstrates that there are material issues of fact to resolve before judgment can be entered.

        IT IS THEREFORE RECOMMENDED THAT:

        1. Plaintiff's motion for a preliminary injunction (docket no. 208) be denied; and

        2. Plaintiff's motion for judgment on the pleadings (docket no. 205) be denied.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

/////

/////

/////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: September 10, 2009.

                                         _____
                                         U.S. MAGISTRATE JUDGE

6  2

7  elli0666.inj+12(c)