IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

Plaintiff, No. CIV S-04-666 JAM KJM P

vs.

E.S. ALAMEIDA, et al.,

Defendants.

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a motion to compel, a motion for permission to conduct additional discovery as an alternative to his motion to compel, a motion for permission to seek the addresses of witnesses through the Freedom of Information Act, and a motion for a preliminary injunction.

I. Discovery Motions

In the scheduling order issued June 24, 2009, the court set a deadline of October 16, 2009 for filing motions to compel. The current motion was filed on October 22, 2009. It is true that under the prison mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), a document is filed when it is given to prison authorities for mailing. Plaintiff signed the document on September 22, 2009. This does not establish when he provided it to prison

authorities, because it is clear from its context that plaintiff sent this document initially to counsel for the defendants: he says "the defendants have (20) twenty days from : 9/22/2009 to respond to this motion to plaintiff before he files it in the U.S. District Court." Mot. to Compel (Docket No. 217) at 4. There is a certificate of service, filed the same day that the motion to compel was filed; it refers to a series of documents it purports to serve, including objections to previous findings and recommendations, some prison grievances, and "attempt to resolve discovery disputes between the parties." Docket No. 218. The certificate is dated October 18, 2009, which is after the cut-off date for a motion to compel, so even assuming it refers to this motion, it does not render the motion timely. Similarly, plaintiff's motion for an extension of the discovery deadline in lieu of proceeding with the motion to compel was filed on January 25, 2010, long after the discovery cut-off.

Plaintiff's final motion is his request to file a Freedom of Information Act request to find his witnesses. Such a request is not governed by the discovery process; plaintiff may pursue it if he wishes.

II. Request For Injunctive Relief

Plaintiff seeks the expungement of a rules violation prepared by defendant Sweeton, alleging that it is not supported by any evidence. The records he has submitted show he was assessed a ninety day loss of good time credit. Mot. for Prelim. Inj. (Docket No. 225) at 14. Because an expungement would have the practical effect of restoring the good time credits lost as a result of the disciplinary finding, this request is not properly brought as part of plaintiff's civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to compel discovery (Docket No. 217) is denied;

2. Plaintiff's motion for additional time in which to conduct discovery (Docket No. 226) is denied; and

/////

3. Plaintiff's motion to use the Freedom of Information Act (Docket No. 219) is denied as unnecessary.

IT IS HEREBY RECOMMENDED that plaintiff's request for injunctive relief (Docket No. 225) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 13, 2010.

U.S. MAGISTRATE JUDGE

2
elli0666.56+